# THE STATE OF NEW HAMPSHIRE

**CARROLL, SS**                                   **SUPERIOR COURT**


### CERTIFICATION AS TO COURT RECORDS

This is to certify that the documents attached hereto are true and accurate copies of pleadings and other documents filed in this Court in case no(s):


### DOCKET NO. 212-2012-CV-00234

**James Halsey**
**V**
**Litton Loan Servicing, LP, Ocwen Loan Servicing, LLC and US Bank, NA**


**Date:** _1/3/12_                    _Jean Brooks, Deputy Clerk_
                         for **Patricia A. Lenz, Clerk**



# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Carroll County                                                              Carroll Superior Court

## James Halsey v Litton Loan Servicing, L.P., et al

### 212-2012-CV-00234

### ORDER FOR STAY - REMOVAL TO FEDERAL COURT

The Court has been notified that this matter has been removed to the United States District Court, District of New Hampshire.

All proceedings in this Court are therefore stayed pending further order. In the event removal is denied, counsel shall immediately file with this Court a copy of the order of the U.S. District Court.

So Ordered.

January 03, 2013
Date                                                    Hon. Steven M. Houran, Judge

(406)

NHJB-2010-DFPS (11/01/2011)

STATE OF NEW HAMPSHIRE

CARROLL, SS                                      SUPERIOR COURT

James Halsey

v.

Litton Loan Servicing, L.P.
&
Ocwen Loan Servicing, LLC
&
U.S. Bank National Association, as Trustee, as successor in interest to Bank of America,
National Association, as Trustee,  successor by merger to LaSalle Bank National Association, as
Trustee for Residential Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3

Civil No.: 212-2012-cv-00234

## **NOTICE OF REMOVAL**

Please take notice that on December 26, 2012, pursuant to 28 U.S.C. §§1441, *et. seq.*, the

Defendants, Litton Loan Servicing, L.P., Ocwen Loan Servicing, LLC, and U.S. Bank National

Association, as Trustee, as successor in interest to Bank of America, National Association, as

Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential

Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3, filed a Notice of Removal in the United

States District Court for the District of New Hampshire.

Please take further notice that upon filing of this Notice of Removal with the Clerk of the

Carroll County Superior Court, in accordance with 28 U.S.C. §1446(d), the Superior Court shall

proceed no further unless and until the case is remanded.

Respectfully submitted,
Defendants, Litton Loan Servicing,
L.P., Ocwen Loan Servicing, LLC,
and U.S. Bank National Association,
as Trustee, as successor in interest to
Bank of America, National
Association, as Trustee, successor
by merger to LaSalle Bank National
Association, as Trustee for
Residential Asset Acquisition
Corporation, Inc. (RAAC) 2007-RP3
By their attorney,


_____
Joshua D. Shakun, Esq.
NH Bar No. 18354
HOUSER & ALLISON, APC
45 School Street, 3rd Floor
Boston, MA 02108
Phone: (617) 371-0922
Fax: (617) 371-0923
jshakun@houser-law.com

Dated: December 26, 2012

## CERTIFICATE OF SERVICE

I, Joshua D. Shakun, hereby certify that a true copy of the enclosed Notice of Removal
was served on December 26, 2012, by first class mail, postage prepaid to:


John F. Skinner, III, Esq.
Skinner | Rivard Law Offices
530 Chestnut Street, 3rd Floor
Manchester, NH 03101

John S. McNicholas, Esq.
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01824


_____
Joshua D. Shakun, Esq.

2

## STATE OF NEW HAMPSHIRE

CARROLL, SS                                    SUPERIOR COURT

### 212-2012-CV-00234

### SPECIAL APPEARANCE/~~WITHDRAWAL~~

| | | |
|---|---|---|
| **James Halsey** | **v.** | **Litton Loan Servicing, L.P., Ocwen Loan Servicing, LLC, and U.S. Bank National Association, as Trustee, as successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Aquisition Corporation, Inc. (RAAC) 2007-RP3** |

Returnable on the first Tuesday of:          \_\_\_\_COURT

Unknown                                        X   JURY

| SPECIAL APPEARANCE | ~~WITHDRAWAL~~ |
|---|---|
| Please enter my appearance as counsel for: | Please withdraw my appearance as counsel for: |
| **Litton Loan Servicing, L.P., Ocwen Loan Servicing, LLC, and U.S. Bank National Association, as Trustee, as successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Aquisition Corporation, Inc. (RAAC) 2007-RP3** | Notice of Withdrawal sent to my client(s) on: |
| | At the following address: |

I hereby certify that a true copy of this SPECIAL APPEARANCE was served via First Class U.S. Mail, Postage Pre-Paid on December 7, 2012 upon: *John F. Skinner, III, Esq., Skinner | Rivard Law Offices, 530 Chestnut Street, 3rd Floor, Manchester, NH 03101* and *John S. McNicholas, Esq., Korde & Associates, P.C., 321 Billerica Road, Suite 210, Chelmsford, MA 01824.*

Date: December 7, 2012

Joshua D. Shakun (Bar ID #18354)
HOUSER & ALLISON, APC
Old City Hall
45 School Street, 3rd Floor
Boston, MA 02109
Phone: (617) 371-0922
Fax: (617) 371-0923
jshakun@houser-law.com

**The State of New Hampshire**
**Superior Court**

CARROLL, SS.                                                    _____Term 2012

James Halsey

vs.

Litton Loan Servicing, L.P.
&
Ocwen Loan Servicing, LLC
&
US Bank, National Association, as Trustee, as successor in interest to Bank of America, National
Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for
Residential Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3

Civil No.: <u>2012-CV-234</u>

## JOINT ASSENTED-TO MOTION FOR STRUCTURING CONFERENCE

NOW COME THE PARTIES, by and through Counsel, and hereby Move this Honorable Court to
cancel the November 29, 2012 hearing and schedule a Structuring Conference in no less than 45
days as the Court Calendar permits. In support whereof, counsel states the following:

1. This action arises out of an Emergency Ex Parte petition filed to Enjoin a Foreclosure Sale
   originally scheduled for November 20, 2012.

2. This Court granted a temporary injunction on November 19, 2012.

3. Following that Court Order, and in pursuit of settlement, the parties have voluntarily
   continued the temporary equitable relief by a contemporaneously filed Joint Temporary
   Stipulation.

4. The emergency hearing is therefore not required, burdensome to the parties and counsel, and
   not in the interest of judicial economy.

5. In order to assist in the efficient administration of this case, the parties respectfully request
   that a Structuring Conference be scheduled in no less than 45 days.

6. Undersigned counsel will endeavor to file in advance of such a hearing a Proposed
   Structuring Order, or provide a notice of settlement to the Court.

WHEREFORE, the Parties Respectfully requests that this Honorable Court:

A. Approve their contemporaneously filed Joint Temporary Stipulation;

B. Cancel the November 29, 2012 hearing;

C. Issue a Notice of Structuring Conference scheduled no less than 45 days in advance.

Granted

12/4/b

## Certificate of Service

The parties hereby certify that in accordance with Administrative Order 2012-1, all parties have received copies of this filing via electronic mail addressed to: John Skinner <AttorneySkinner@gmail.com>; and John S. McNicholas <jmcnicholas@kordeassoc.com>.


DATED: _Nov. 27_, 2012


Respectfully Submitted:

JAMES HALSEY
By his Attorney,

Atty. John F. Skinner, III
Skinner | Rivard Law Offices
530 Chestnut Street, 3rd Floor
Manchester, NH 03101
Tel: 603-622-8100
Fax: 888-912-1497
NH BAR: 19886
AttorneySkinner@gmail.com

OCWEN LOAN SERVICING, LLC and
US BANK, NATIONAL ASSOCIATION, AS
TRUSTEE AS AFORESAID
By their attorney,

John S. McNicholas, Esq.
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01824
Tel: 978-256-1500 ext. 203
Fax: 978-256-7615
NH BAR: 14388
jmcnicholas@kordeassoc.com

**The State of New Hampshire**
**Superior Court**

**CARROLL, SS.**                                              _____Term 2012

James Halsey

vs.

Litton Loan Servicing, L.P.
&
Ocwen Loan Servicing, LLC
&
US Bank, National Association, as Trustee, as successor in interest to Bank of America, National
Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for
Residential Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3

Civil No.: <u>2012-CV-234</u>

## <u>JOINT TEMPORARY STIPULATION OF THE PARTIES</u>

NOW COME THE PARTIES, by and through Counsel, and hereby Stipulate and Agree as follows:

1. The parties agree to confer on the issues and explore possible settlement opportunities and/or the orderly and efficient administration of this case.

2. To that end, the Hearing currently scheduled for November 29, 2012 at 9AM shall be continued and the temporary injunction may remain in place.

3. Either party may petition this Court at any time to be heard on the issue of the temporary injunction at which time thereafter the non-moving party will have thirty days to respond.

4. The parties are contemporaneously filing a joint motion in furtherance of the goals of this stipulation.

WHEREFORE, the parties respectfully request that this Honorable Court recognize this joint temporary stipulation and issue any necessary or appropriate Orders.

## <u>Certificate of Service</u>

The parties hereby certify that in accordance with Administrative Order 2012-1, all parties have received copies of this filing via electronic mail addressed to: John Skinner <AttorneySkinner@gmail.com>; and John S. McNicholas <jmcnicholas@kordeassoc.com>.

DATED: _Nov 27_, 2012

Respectfully Submitted:

JAMES HALSEY
By his Attorney,


Atty. John F. Skinner, III
Skinner | Rivard Law Offices
530 Chestnut Street, 3rd Floor
Manchester, NH 03101
Tel: 603-622-8100
Fax: 888-912-1497
NH BAR: 19886
AttorneySkinner@gmail.com

OCWEN LOAN SERVICING, LLC and
US BANK, NATIONAL ASSOCIATION, AS
TRUSTEE AS AFORESAID
By their attorney,


John S. McNicholas, Esq.
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01824
Tel: 978-256-1500 ext. 203
Fax: 978-256-7615
NH BAR: 14388
jmcnicholas@kordeassoc.com

_Temporary Stipulation is approved and ordered._

_12/4/12_

**STEVEN M. HOURAN
PRESIDING JUSTICE**

**Nason Investigations**
**17 Frost Lane**
**Concord, NH 03303**
**(603) 748-1660 Fax (603) 648-2157**

## AFFIDAVIT RETURN OF SERVICE

PROCESS SERVED:   Subpoena   Summons   Complaint   (Notice)   Other

(Further Description): James Halsey v. Litton Loan Servicing, LP

**Service Upon:**

        Name:   Litton Loan Servicing, LP / Lawyers Incorporating Service

        Address:   14 Centre Street, Concord, NH 03301

(✓)   **Personal Service:**   In Hand ✓   Other _____

        Name:   Joanne Caswell

        Location:   14 Centre Street, Concord, NH 03301

        Time/Date:  11/21/12 9:20 AM

( )   **Sub Service:**   In Hand_____   Other_____

        Name:_____

        Location:_____

        Time/Date:_____

( )   **At Abode Service**

        Time/Date:_____

**I certify that I served the above process as noted above**

Signature _____ , Date 11/21/12

Printed Name: Kristin Nason , Process Server in Good Standing

        Nason Investigations
        17 Frost Lane, Concord, NH 03303
        County of Merrimack
        State of New Hampshire

5

**The State of New Hampshire**
**Superior Court**

CARROLL, SS. _____ Term 2012

James Halsey

vs.

Litton Loan Servicing, L.P.
&
Ocwen Loan Servicing, LLC
&
US Bank, National Association, as Trustee, as successor in interest to Bank of America, National
Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for
Residential Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3

Civil No.: <u>2012-CV-234</u>

**NOTICE OF APPEARANCE**

     Please enter my appearance as attorney for Defendants, Ocwen Loan Servicing, LLC and &
US Bank, National Association, as Trustee, as successor in interest to Bank of America, National
Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for
Residential Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3, in the above-entitled case.

DATED: _Nov. 27_ , 2012

Respectfully Submitted by,

OCWEN LOAN SERVICING, LLC and
US BANK, NATIONAL ASSOCIATION AS
TRUSTEE AS AFORESAID
By their attorney,

_____
John S. McNicholas, Esq.
NH Bar#14388
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01824
Tel.: (978) 256-1500 (ext. 203)
Fax.: (978) 256-7615
jmcnicholas@kordeassoc.com



## **CERTIFICATE OF SERVICE**

I, John S. McNicholas, hereby certify that I served a true copy of the foregoing Notice of Appearance upon:

Atty. John F. Skinner, III
Skinner | Rivard Law Offices
530 Chestnut Street, 3rd Floor
Manchester, NH 03101

by U.S. mail, postage prepaid, on this _27th_ day of November 2012.

_____
John S. McNicholas
NH Bar# 14388

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Carroll Superior Court
96 Water Village Rd., Box 3
Ossipee NH  03864

Telephone: (603) 539-2201
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## ORDER OF NOTICE
## PETITION TO ENJOIN FORECLOSURE
## RSA 479:25

Case Name:     **James Halsey v Litton Loan Servicing, L.P., et al**
Case Numbers:  **212-2012-CV-00234**

A Petition to Enjoin Foreclosure has been filed in this Court.  A copy of the Petition and a Court Order, if any, is attached.

The Court has scheduled the following: **Hearing on Ex-Parte Orders**

**Date: November 29, 2012**               **Location: 96 Water Village Rd., Box 3**
**Time: 9:00 AM**                                  **Ossipee NH  03864**
**Time Allotted:  30 Minutes**

**IF YOU FAIL TO APPEAR AT THIS HEARING, THE COURT MAY MAKE ORDERS AFFECTING YOU WITHOUT YOUR INPUT.**

**The Courts ORDERS that ON OR BEFORE:**

| | |
|---|---|
| Immediately | James Halsey shall have this Order of Notice, the attached Petition and any Court Orders served upon Litton Loan Servicing, L.P.; Ocwen Mortgage Company, LLC; US Bank, NA . |
| November 29, 2012 | James Halsey shall file the returns of service with this Court. Failure to do so may result in this action being discontinued without further notice. |
| November 29, 2012 | Litton Loan Servicing, L.P.; Ocwen Mortgage Company, LLC; US Bank, NA shall file a written appearance form with this Court. A copy of the appearance form must be sent to the party listed below and any other party who has filed an appearance in this matter. |

Send copies to:
John F. Skinner, III, ESQ                Skinner & Rivard Law Offices
                                                         530 Chestnut Street Unit 3B
                                                         Manchester NH  03101

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

BY ORDER OF THE COURT

November 19, 2012

Patricia A. Lenz
Clerk of Court

(406)

**The State of New Hampshire**
**Superior Court**

CARROLL, SS.                                          _____Term 2012

James Halsey

vs.

Litton Loan Servicing, L.P.
&
Ocwen Loan Servicing, LLC
&
US Bank, National Association, as Trustee, as successor in interest to Bank of America, National
Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee
for Residential Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3

Civil No.: 212-2012-CV-00234

## PROPOSED

## ORDER ON *EX PARTE* PETITION

After a review of the factual allegations set forth in the verified *ex parte* Petition, the Court makes the following Order:

Until further Order of this Court, the Respondents, their agents, employees and anyone acting in concert therewith, including the auctioneer, are hereby enjoined from holding any foreclosure sale or auction of the premises of James Halsey known as <u>470 Green Mountain Road, Effingham, NH 03882.</u>

In light of the representations made by the petitioner, the Court finds that good cause exists to waive the requirement for bond at this time.

The Clerk shall schedule a prompt hearing.

So Ordered.

11-19-12                     12:45 Pm
_____      _____          _____
Date                         Time                             Presiding Justice
                                                                    Hon. Peter H. Fauver

THE STATE OF NEW HAMPSHIRE
CARROLL COUNTY SUPERIOR COURT
A TRUE COPY ATTEST:

*Elaine Selvia*

Court Assistant

Page 1 of 1

**The State of New Hampshire**
**Superior Court**

**CARROLL, SS.**                                         _____Term 2012

James Halsey

vs.

Litton Loan Servicing, L.P.
&
Ocwen Loan Servicing, LLC
&
US Bank, National Association, as Trustee, as successor in interest to Bank of America, National
Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for
Residential Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3

Civil No.:_____

## VERIFIED EX PARTE PETITION FOR TEMPORARY RESTRAINING ORDER TO ENJOIN FORECLOSURE SALE
## AND FOR INJUNCTIVE, DECLARATORY, AND OTHER RELIEF

Petitioner James Halsey of 470 Green Mountain Road, Effingham, NH 03882, complains against

the Respondents, Litton Loan Servicing, L.P. ("Litton Loan") and Ocwen Loan Servicing, LLC

("Ocwen"), and US Bank, National Association, as Trustee, as successor in interest to Bank of

America, National Association, as Trustee, successor by merger to LaSalle Bank National

Association, as Trustee for Residential Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3,

("US Bank"), for failing to honor their promises and causing confusion which has lead to this

unnecessary foreclosure auction.  Petitioner further states as follows in support of his Petition for

Equity to Enjoin the auction.

### INTRODUCTION

1. This is an emergency request to halt the foreclosure auction currently scheduled for **11AM on November 20, 2012**, at 470 Green Mountain Road, Effingham, NH 03882, and to allow for the resolution of claims between the parties and seek alternatives to foreclosure.

2. On November 13, 2012, Petitioner, through counsel, contacted the Respondents' foreclosure counsel, Susan W. Cody at Korde and Associates, PC, and informed her of this proposed

action and requested voluntary postponement, to avoid unnecessary legal fees and seek alternative dispute resolution- there has been no response.

3. The instant Emergency Petition has been filed due to the Respondents' refusal to voluntarily postpone to evaluate the situation and honor promised alternatives to avoid foreclosure including a Deed in Lieu, HAMP modification, and/or Short-Sale.

## PARTIES

4. The Petitioner, James Halsey is an individual who owns the home located at 470 Green Mountain Road, Effingham, NH 03882.

5. The Respondent Litton Loan Servicing, LP has a principle place of business at: 4828 Loop Central Drive, Ste 600, Houston, TX 77081.

6. Litton Loan Servicing, LP has a registered agent for service of process in the State at the: Lawyers Incorporating Service, 14 Centre St, Concord NH, 03301.

7. The Respondent Ocwen Mortgage Company, LLC has a corporate headquarters at: 1661 Worthington Road, STE 100, West Palm Beach, FL 33409.

8. Respondent Ocwen Mortgage Company, LLC has a registered agent in this State, Lawyers Incorporating Service, and they shall be served at 14 Centre Street, Concord, NH 03301.

9. Respondent US Bank, National Association, as Trustee, as successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3, is a corporation with headquarters located at U.S. Bancorp Center, 800 Nicollet Mall, Minneapolis, MN 55402 and will therefore have to be served in accordance with RSA 510:4.

## JURISDICTION AND VENUE

10. The Court has equity jurisdiction and jurisdiction to render the equitable relief sought under RSA 498:1.

11. The Court has subject matter jurisdiction over this cause pursuant to RSA 498:1 since the Petitioner will suffer immediate and irreparable harm if the foreclosure sale is not enjoined and there is no complete, adequate and plain remedy at law.

12. Mortgage foreclosure triggers a right to equitable relief and the Superior Court has equitable powers under RSA 498:1 to enjoin a mortgage foreclosure if the equities of the situation warrant. Ruotolo v. Benjamin Franklin Corp., 122 N.H. 149, 150 (1982).

13. Venue is proper in Carroll County as the mortgaged property is located within such County at 470 Green Mountain Road, Effingham, NH 03882 and RSA 479:25 provides for the right to petition the Superior Court for the County in which the mortgaged premises are situated.

## FACTS

14. Carroll County's Public Land Records are "not available on-line for security reasons"[1] making title research difficult if not prohibitively expensive for the Petitioner.

15. Petitioner James Halsey has owned the subject property since 2004 and lived there with his wife Wendy Halsey.

16. For several years, all mortgage payments were made on time and in full despite an exorbitant interest rate of 8.7%.

17. While struggling through the economic recession, Petitioner's income was reduced, and at some point in 2011, he requested modification assistance from then servicer Litton Loan.

18. Also in 2011, while working through the modification process, Petitioner simultaneously sought to sell some land in his adjoining parcel [468 Green Mountain Road] in order to reduce the loan balance, and pay-off arrears.

19. Petitioner obtained a qualified buyer for the parcel who was ready, willing and able to pay $72,500- nearly half the principal balance on the mortgage at issue, $150,312.97.

20. Due to some clerical error, or oversight, the adjoining parcel of land appeared to be encumbered by the mortgage on 470 Green Mountain Road, Effingham, NH 03882.

21. Respondent Litton Loan, against the interest of their Principal, the Note Holder, unreasonably refused to allow the adjoining parcel to be sold, thereby driving the Petitioner closer to an unnecessary foreclosure.

22. Although Litton Loan preliminarily approved him for modification, and Petitioner made the requisite trial payments, before the modification could be finalized, the loan was transferred to Ocwen.

23. With the same set of financial data under which Litton Loan had approved modification, Ocwen rejected modification, an instead offered a Deed in Lieu solution.

24. Petitioner accepted the offer of a deed in Deed-in-Lieu ("DIL") program under the Federal Government's Home Affordable Foreclosure Alternatives Program (HAFA). See Attached 4/26/12 Letter at Exhibit A.

25. Petitioner complied with all requirements of the DIL program.

26. On October 25, 2012 Petitioner was shocked to be informed that although he had a signed and completed a deal under the HAFA program for DIL, Ocwen, **for the first time**, informed him that the alleged Note holder, does not allow DIL. See Attached October 25, 2012 Letter at Exhibit B.

---

[1] https://sites.google.com/site/carrollcountynhregistryofdeeds/home

27. Respondents then immediately began foreclosure on the home, publishing the first public notice on October 29, 2012. See Attached Notice of Mortgage Foreclosure Sale Dated October 26, 2012 at Exhibit C.

28. Petitioner then promptly sought legal counsel to address this inequity.

29. Respondents' foreclosure counsel has failed to respond to Petitioner's request to postpone the auction.

## ALLEGATIONS REQUIRING EQUITABLE CONSIDERATIONS BY THE PARTIES AND THE COURTS PRIOR TO FORECLOSURE

### Count One: Promissory or Equitable Estoppel

30. Petitioner repeats, realleges, and incorporates by reference all of the above paragraphs as if fully stated herein.

31. Respondents have promised, and continue to offer alternatives to foreclosure, but through their agents, have failed to honor their promises- to wit:

    a. First, the LittonLoan HAMP Modification Contract, which would have avoided foreclosure;

    b. Then, the Ocwen Deed In Lieu Contract under the HAFA program which would have avoided foreclosure;

    c. Finally, now in failing to postpone the auction to honor their past promises and ongoing offers to avoid foreclosure by workout resolution.

32. Respondents intended petitioner rely on their statements and offers of work-out resolution, modification, and DIL solutions and intended for their statements to induce action.

33. Petitioner did reasonably rely and was so induced and in such reliance on the promises of work-out resolution induced to action by FIRST making the required HAMP payments, and THEN by complying with all HAFA DIL requirements, including temporarily moving from his home!

34. Therefore, under principles of estoppel, the respondents cannot now seek to avoid the promised and accepted offers and stated goals to work-out foreclosure alternatives and instead auction the home.

35. For these reasons, the foreclosure auction must be halted to prevent immediate and irreparable harm to the petitioner which can be avoided by honoring the promises of the Respondent, but only if the foreclosure is temporarily enjoined.

**Count Two: Standing**

36. Petitioner repeats, realleges, and incorporates by reference all of the above paragraphs as if fully stated herein.

37. "Every deed or other conveyance of real estate shall be signed by the party granting the same and acknowledged by the grantor before a justice, notary public or commissioner and shall show the mailing address of the grantee." RSA 477:3.

38. "Every deed or other conveyance of real estate and every court order or other instrument which affects title to any interest in real estate, except probate records and tax liens which are by law exempt from recording, shall be recorded at length in the registry of deeds for the county or counties in which the real estate lies and such deed, conveyance, court order or instrument shall not be effective as against bona fide purchasers for value until so recorded." RSA 477:3-a.

39. Respondent's counsel seeks to foreclose a mortgage on behalf of a convoluted entity:

> "US Bank, National Association, as Trustee, as successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3"

40. Petitioner hereby raises the issue of legal standing of the Respondents to foreclose this mortgage and requests strict compliance with the law as required before the drastic remedy of foreclosure by the power of sale can be lawfully executed. See <u>Miroslav Zecevic v. US Bank National Association, as Trustee, Et Al.</u>, Belknap Superior, Docket No. 10-E-196, Order of January 20, 2011, pp 4-6, O'Neill, III, J. citing <u>US Bank Nat'l Ass'n v. Ibanez</u>, 458 Mass. 637 (2011).

41. If no properly executed promissory note can be produced by the Defendants in accordance with RSA 477:3 and RSA 382-A:3, the Plaintiff would challenge the defendant's legal standing to foreclose.

42. If no strict compliance with RSA 479:25 can be shown, Plaintiff would challenge the defendant's legal standing to foreclose.

43. If the law was not strictly adhered to, this foreclosure action must be halted, and re-noticed in order to effectively foreclose the proper notice under the Power of Sale to prevent clouds on the title to this property which will harm the State and local real estate market by making property unmarketable.

44. Therefore, the Respondents cannot foreclose this mortgage as they have shown no right or standing to do so, compliance with RSA 477, or the Uniform Commercial Code for transfer of Negotiable Instruments, codified in this State under RSA 382-A:3.

## Count Three: Breach of Contract and Covenant of Good Faith and Fair Dealing

45. Petitioner repeats, realleges, and incorporates by reference all of the above paragraphs as if fully stated herein.

46. "In every agreement, there is an implied covenant that the parties will act in good faith and fairly with one another." Livingston v. 18 Mile Point Drive, Ltd., 158 NH 619, 624 (2009).

47. The Respondent Litton Loan offered, and the Petitioner accepted, an offer to work out resolution with the mortgage through the government's HAMP program.

48. The Respondent Ocwen offered, and the Petitioner accepted, an offer to work out resolution with the mortgage through the government's HAFA program.

49. The function of the implied covenant is to "prohibit behavior inconsistent with the parties' agreed-upon common purpose and justified expectations . . . as well as 'with common standards of decency, fairness and reasonableness.' "Id. at 625, *quoting* Richard v. Good Luck Trailer Court, 157 N.H. 65, 70 (2008).

50. The common purpose here and justified expectation was to avoid foreclosure to the benefit of all parties and arrive at a reasonable alternative mutually beneficial to all parties.

51. Respondents' actions have been patently inconsistent with fairness, decency and reasonableness and have run contrary to the expectations of the parties and the purpose of the HAFA and HAMP programs.

52. Respondents have violated the covenant by at least the following actions:

    a. Denying the fruits of the contract- avoiding foreclosure by mortgage modification; work-out resolution; or reinstatement;

    b. Continuing with Foreclosure when the Petitioner could perform under the contract;

    c. Disavowing the existence of the contract and not providing written explanation of why the fruits of the contract were denied;

    d. Selling or transferring the loan without the Modification Contract.

53. Petitioner is therefore entitled to an injunction, specific performance and/or restitution/damages.

## Count Four: Breach of Contract - Litton Loan

54. Petitioner repeats, realleges, and incorporates by reference all of the above paragraphs as if fully stated herein.

55. Petitioner had an offer for a loan modification from LittonLoan which was duly accepted.

56. Both parties gave up legal rights and made mutual promises as consideration for the contract.

57. LittonLoan breached the contract by subsequently refusing to provide a permanent modification, and transferring the loan.

58. LittonLoan's breach caused emotional and financial damages to the Petitioner and led to the series of events that is now leading to an unnecessary foreclosure auction.

59. Therefore, the scheduled auction should be temporarily enjoined for possible establishment of the loan modification established under LittonLoan.

### Count Five: Breach of Contract - Ocwen

60. Petitioner repeats, realleges, and incorporates by reference all of the above paragraphs as if fully stated herein.

61. Petitioner had an offer for a DIL from Ocwen which was duly accepted.

62. Both parties gave up legal rights and made mutual promises as consideration for the contract.

63. Ocwen's refusal to honor the DIL contract and insistence on foreclosure proceedings is in breach of the contract.

64. Ocwen's breach has damaged the Petitioner emotionally and financially and led to these unnecessary legal and foreclosure proceedings.

65. Petitioner's equitable remedy of enforcing the contract can only be realized by granting a temporary injunction of the foreclosure auction.

### Count Six: RSA 358-A

66. Petitioner repeats, realleges, and incorporates by reference all of the above paragraphs as if fully stated herein.

67. As described herein, Respondents committed various unfair and deceptive acts and practices throughout the handling, servicing, modification, and attempted foreclosure of the Petitioner's mortgage loan, including but not limited to:

   a.  Refusing to implement reasonable foreclosure alternatives;

   b.  Refusing to accept commercially reasonable work-out resolutions;

   c.  Refusing to Postpone Foreclosure for evaluation;

   **d.  Failure to Exhaust Administrative Remedies prior to embarking on Foreclosure.**

68. Such acts and practices took place in trade or commerce within the State of New Hampshire.

69. Such acts were willful or knowing and contained such a level of rascality as to be actionable under the law of this State.

70. Petitioner have been financially injured by the Respondents' unfair acts and practices by the accrual of erroneous fees, arrears, costs, interest and now a potential foreclosure.

## Count Seven: Unjust Enrichment

71. Petitioner repeats, realleges, and incorporates by reference all of the above paragraphs as if fully stated herein.

72. Respondents by fraud, accident, mistake, coercion or trick have wrongly billed and seek to collect thousands of dollars in various fees from the Petitioner.

73. Such alleged costs and fees of $33,281 are of Respondents' own creation and remain un-itemized, and unaccounted for.

74. Equity requires that the foreclosure auction be temporarily enjoined to ascertain the propriety and origin of these additional and disputed costs and fees.

75. If the auction is not enjoined, Respondents may be unjustly enriched.

## Count Eight: Negligence

76. Petitioner repeats, realleges, and incorporates by reference all of the above paragraphs as if fully stated herein.

77. Respondents, and all people, have an affirmative duty to act as a reasonably prudent person would and this includes a duty to treat the Petitioner in good faith while following all State and Federal Consumer Protection Laws and to negotiate in a commercially reasonable manner.

78. Respondents breached such duties in the handling of their mortgage loan, payments, and by their misrepresentations and omissions regarding and throughout the modification process.

79. Respondents' breach of duty and negligent misrepresentations caused the Petitioner significant damages in alleged and erroneous costs, fees, interest, penalties and potentially foreclosure.

## Count Nine: Negligent Misrepresentation

80. Petitioner repeats, realleges, and incorporates by reference all of the above paragraphs as if fully stated herein.

81. A cause of action is stated by a "negligent misrepresentation of a material fact by the Respondent and justifiable reliance by the Petitioner." See Snierson v. Scruton, 145 NH 73, 78 (2000).

82. "It is the duty of one who volunteers information to another not having equal knowledge, with the intention that he [or she] will act upon it, to exercise reasonable care to verify the truth of his [or her] statements before making them." Id. *quoting* Patch v. Arsenault, 139 N.H. 313, 319 (1995).

83. Representatives of Respondents made various inconsistent and inaccurate representations regarding the work out resolutions offered and accepted first under HAMP, and then under HAFA.

84. Representatives of the Respondents volunteered erroneous information either negligently or knowingly regarding the Petitioner's mortgage payments and account.

85. Such statements were made for the purpose of inducing the Petitioner to rely thereon, they were material to this dispute, and the Petitioner did justifiably rely thereon to their detriment.

86. Respondents' actions caused damages to the Petitioner and caused these unnecessary and erroneous foreclosure proceedings.

### Count Ten: IIED / NIED

87. Petitioner repeats, realleges, and incorporates by reference all of the above paragraphs as if fully stated herein.

88. The Respondents have caused either Intentional Infliction of Emotional Distress ("IIED") or Negligent Infliction of Emotional Distress ("NIED") for the Petitioner.

89. Either negligently, or intentionally, by their extreme and outrageous conduct in failing to deal in a commercially reasonable manner, and mishandling the HAMP modification, offering, accepting and pursuing a HAFA work-out, and then by finally attempting to foreclose on said property; Respondents have caused ongoing severe emotional distress over a period of several months.

90. Petitioner has suffered physical ailments as a result of such distress including, loss of appetite, upset stomach, head ache, sleeplessness, lethargy, rhinitis, etc.

91. Petitioner has further suffered damages in the form of severe mental anguish as result of the Respondents negligent or intentional acts as described herein.

92. Respondents either knew or should have known that their acts would cause such severe emotional distress.

## A PRELIMINARY INJUNCTION SHOULD BE GRANTED

93. Mortgage foreclosure triggers a right to equitable relief and the Superior Court has equitable powers under RSA 498:1 to enjoin a mortgage foreclosure if the equities of the situation warrant. Ruotolo v. Benjamin Franklin Corp., 122 N.H. 149, 150 (1982).

94. "The four most important factors to be considered in the awarding of injunctive relief are: (1) The significance of the threat of irreparable harm if the injunction is not granted; (2) the balance between this harm and the injury that granting an injunction would inflict on the defendant; (3) the probability that Petitioner will succeed on the merits; and (4) the public interest. 11 Wright & Miller, *Federal Practice and Procedure,* ¶ 2948, pp. 430, 431." Keep Thomson, Etc. v. Citizens for Gallen Com., 457 F. Supp. 957, 959 U.S.D.C., (D.NH 1978).

95. The threat of immediate and irreparable harm is very real and significant here where Petitioner will suffer an immediate foreclosure on a home he has owned for several years, spending countless hours and tens of thousands maintaining and improving.

96. Balancing the harm with any injury to the Respondents weighs in favor of the Petitioner as losing his home would be severe, the Petitioner has no adequate remedy at law, and Respondents will only experience a minor delay in processing one of millions of properties.

97. Given the several government sponsored programs currently available to assist in avoiding unnecessary foreclosure, it is highly likely that this case will be resolved in favor of avoiding foreclosure.

98. The public interest is benefitted by enforcing Ocwen's promise; ensuring strict compliance with the laws of this State designed to govern the harsh remedy of non-judicial foreclosure; and by ensuring compliance with Federal mortgage modification regulations designed to avoid unnecessary foreclosures that harm the entire community.

99. For good cause shown, the Court may issue an injunction or restraining order without bond. See Sup. Ct. Rule 161(c).

100. In effect, Bond already exists because; the Respondents will continue to maintain their alleged security interest in the property.

101. Petitioner has no excess income or funds with which to provide a bond because due to Ocwen's promised and breached DIL agreement, Petitioner has rented a residence.

102. For all of the foregoing reasons, and in light of the fact that Respondents will maintain whatever security interest they now have in the property for the duration of the injunction, there is good cause to waive the requirement for a bond at this time.

103. The Petitioner is maintaining the property and he will continue to do so thereby preserving the respondents' security interest.

WHEREFORE, Petitioner Respectfully requests that this Honorable Court:

A. Issue an ex parte order restraining defendants and their agents, employees, and anyone acting in concert therewith, including the auctioneer, from holding a foreclosure sale of the Petitioner's home until further Order of this Court.

B. Issue a permanent injunction enjoining defendants from taking further action to foreclose on plaintiff's home pending the outcome of these proceedings or until further Order of the Court.

C. Prior to any judicial sanction of foreclosure, Order the Defendant's to produce documentation of their legal right to foreclose under RSA 479:25 and RSA 477:3 and RSA 382-A:3.

D. Order Specific Performance of the Foreclosure Avoidance Workout Resolutions Offered and Accepted between the parties.

E. Grant such other and further relief as may be just and equitable.

DATED: _11-16-12_

Respectfully Submitted,
JAMES HALSEY
By his Attorney,

Atty. John F. Skinner, III
Skinner | Rivard Law Offices
530 Chestnut Street, 3rd Floor
Manchester, NH 03101
Tel:603-622-8100
Fax:888-912-1497
NH BAR: 19886
AttorneySkinner@gmail.com

## VERIFICATION

_____
James Halsey

State of _New Hampshire / Mercer_
County of _Carroll / New Jersey_

SWETA B PATEL
Commission # 2341983
Notary Public, State of New Jersey
My Commission Expires
March 21, 2016

Signed and sworn to (or affirmed) before me on _11/16/12_ by James Halsey

_____
Signature of Notarial Officer

**Certificate of Service**

I hereby certify that a copy of the above VERIFIED EX PARTE PETITION FOR TEMPORARY RESTRAINING ORDER TO ENJOIN FORECLOSURE SALE AND FOR INJUNCTIVE, DECLARATORY, AND OTHER RELIEF has been or will be delivered to the opposing foreclosure counsel, Korde and Associates, PC, this _16th_ day of _Nov___ 2012 via facsimile transmission to: 978-256-7615.

11-16-12

_____
John F. Skinner, III NH BAR ID: 19886



*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO!™
WWW.OCWEN.COM

4/26/2012

James Halsey
470 Green Mountain Rd
Effingham, NH 03882

Loan Number: 7090213922

Dear Customer,

As your mortgage servicer, we are offering you the opportunity to participate in the federal government's **Home Affordable Foreclosure Alternatives (HAFA) Program** by utilizing the Deed-in-Lieu of Foreclosure (DIL) option to avoid foreclosure.

**Home Affordable Foreclosure Alternatives Program – Deed in Lieu of Foreclosure**

A "deed-in-lieu of foreclosure" is specifically designed to help borrowers who are unable to afford their first mortgage and want to avoid foreclosure. With a DIL, you voluntarily transfer ownership of your home and all real property secured by your mortgage loan (Property) to us to satisfy the total amount due on the first mortgage. The DIL option will not allow you to keep your Property, however, it will prevent you from going through a foreclosure sale and it will release you from all responsibility to repay the mortgage debt. Additionally, you will be eligible to receive an assistance payment of $3,000 to help with your moving expenses.

**How Does a DIL Work?**

- **Title**—You and all other occupants must vacate your Property and provide clear and marketable title with a general warranty deed or local equivalent by *6/26/2012.*
- You must also be able to deliver marketable title free of any other liens. We will contribute up to six percent (6%) of the unpaid principal balance of each subordinate lien, not to exceed a total of $6,000, toward paying off any subordinate lien holders.
- We require each subordinate lien holder to release you from personal liability for the loans in order for the sale to qualify for this program, but we do not take any responsibility for ensuring that the lien holders do not seek to enforce personal liability against you. Therefore, we recommend that you take steps to satisfy yourself that the subordinate lien holders release you from personal liability.
- **Property Condition**—You must leave the house in broom-clean condition, free of interior and exterior trash, debris or damage, and all personal belongings must be removed from the Property. The yard must be clean and neat and you must deliver all the keys and controls (e.g., garage door openers) to us.
- **Transfer/Closing**—You may be required to sign standard pre-closing documents as well as attend a closing of the transfer of your Property where all borrowers on the mortgage must be present.

The following pages detail your responsibilities, additional information on the DIL process and the Terms and Conditions. Additionally, this letter constitutes an agreement between us and you ("Agreement"). If you agree to the terms of the Agreement and want to proceed with a DIL, you must complete, sign and return the Agreement back to us, on or **before 5/11/2012.**

If you have questions, please contact us directly toll free 1-800-746-2936, the hours of Operation: Monday to Friday 8:00 am to 9:00 pm ET, Saturday 8:00 am to 5:00 pm ET or Sunday 12:00 pm to 9:00 pm ET.

MICHAEL DIAZ has been assigned as your relationship manager and will be your designated representative for resolution inquiries and submission of documents.

Sincerely,

Ocwen Loan Servicing, LLC

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS#: 1852*





*Ocwen Loan Servicing, LLC*
## HELPING HOMEOWNERS IS WHAT WE DO!™
## WWW.OCWEN.COM

**Program Agreement**


MAKING HOME AFFORDABLE

4/26/2012

James Halsey
470 Green Mountain Rd
Effingham, NH 03882

Loan Number: 7090213922

**DIL Program—Agreement**
By signing this Agreement, you are agreeing to a deed-in-lieu of foreclosure. If you have any questions about the deed-in-lieu of foreclosure, please call us before signing and returning this Agreement.

**Borrower Acknowledgement of Risks, Conditions and Contingencies.** In signing and returning this Deed-in-Lieu Agreement, I/we agree to all the stated terms and conditions.

| | |
|---|---|
| _James Halsey_   5-10-12 | _____ |
| Borrower Signature        Date | Co- Borrower Signature        Date |
| JAMES HALSEY | _____ |
| Printed Name | Printed Name |

If you have questions, please contact us directly toll free 1-800-746-2936, the hours of Operation: Monday to Friday 8:00 am to 9:00 pm ET, Saturday 8:00 am to 5:00 pm ET and Sunday 12:00 pm to 9:00 pm ET.

If you would like to speak with a counselor about this program, call the Homeowner's HOPE™ Hotline 1-888-995-HOPE (4673). The Homeowner's HOPE™ Hotline offers free HUD-certified counseling services and is available 24/7 in English and Spanish. Other languages are available by appointment.

---

**NOTICE TO BORROWER**

Be advised that by signing this document you understand that any documents and information you submit to your servicer in connection with the Making Home Affordable Program are under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy in your home, hardship circumstances, and/or income, expenses, or assets will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution. By signing this document you certify, represent and agree that:" Under penalty of perjury, all documents and information I have provided to Lender in connection with the Making Home Affordable Program, including the documents and information regarding my eligibility for the program, are true and correct."

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling 1-877-SIG-2009 (toll-free), 202-622-4559 (fax), or www.sigtarp.gov. Mail can be sent Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L St. NW, Washington, DC 20220.



## PLEASE FAX THIS SIGNED AGREEMENT TO: 407-737-5136
## OR EMAIL TO: HAFA@OCWEN.COM

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS#: 1852





*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO! ™
WWW.OCWEN.COM

O C W E N

10/25/2012                                                          Loan Number: 7090213922

James Halsey
 PO BOX 1162
STRATHAM, NH 038851162

Dear Customer,

Thank you for your application for a Deed-in-Lieu of Foreclosure (DIL) under the Making Home Affordable™ Program.  Based on our review, you are not eligible for a Home Affordable Foreclosure Alternative (HAFA) Program.  The request for a DIL was denied for the following reason:

- o   We are unable to continue the Home Affordable Foreclosure Alternatives Program Deed-In-Lieu because:
- o   Unfortunately, the owner of your loan does not allow us to offer a Deed-In-Lieu of foreclosure.

If you have questions, please contact us directly at (800) 746-2936 Monday to Friday 8:00 am to 9:00 pm, Saturday 8:00 am to 5:00 pm or Sunday 9:00 am to 9:00 pm ET.

MICHAEL DIAZ has been assigned as your relationship manager and will be your designated representative for resolution inquiries and submission of documents.

Sincerely,

Ocwen Loan Servicing, LLC

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS #: 1852



# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts  01824-4100
Attorneys Licensed in MA, NH, NY and RI

**Certified Article Number**

7196 9008 9111 7002 1491

**SENDERS RECORD**

October 26, 2012

Wendy S. Halsey
29 Glengarry Drive
Stratham, NH 03885

VIA FIRST CLASS MAIL &
CERTIFIED MAIL NO.

Please reference our File #:  12-008679/ Halsey

NOTICE OF MORTGAGE FORECLOSURE SALE

RE:     Property Address: 470 Green Mountain Road, Effingham, NH 03882

Dear Sir/Madam:

Pursuant to New Hampshire Revised Statutes 479:25, as amended, enclosed is a copy of the Mortgagee's Notice of Sale of Real Estate.

The notice is provided to you because an examination of the record title shows you held an interest of record in the property thirty (30) days prior to the sale.

Our experience has shown us that you are likely to benefit if you allow qualified bidders at the foreclosure sale to enter and inspect the premises.  This may result in a higher purchase price.

If you are willing to allow qualified bidders to enter and inspect the premises, please be present at the time of the foreclosure sale.

THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**If you (1) did not execute the Promissory Note relating to this mortgage; (2) are in bankruptcy; or (3) have been discharged in bankruptcy, this letter is for informational purposes only and is not intended as an attempt to collect a debt or an act to collect, assess or recover all or any portion of the debt from you personally.**

Very truly yours,

U.S. Bank National Association, as Trustee, as successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3
Present holder of mortgage
By its Attorney,

Susan W. Cody
SWC/dw



<u>LEGAL NOTICE</u>
<u>MORTGAGEE'S SALE OF REAL ESTATE</u>

By virtue of and in execution of the Power of Sale contained in a certain mortgage given by **James C. Halsey and Wendy S. Halsey** to H&R Block Mortgage Corporation, dated May 23, 2006 and recorded with the Carroll County Registry of Deeds in Book 2547, Page 479 of which mortgage U.S. Bank National Association, as Trustee, as successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Acquisition Corporation, Inc. (RAAC) 2007-RP3 is the present holder, for breach of conditions of said mortgage and for the purpose of foreclosing the same, the mortgaged premises located at **470 Green Mountain Road, Effingham, NH** will be sold at a Public Auction at **11:00AM** on **November 20, 2012**, being the premises described in the mortgage to which reference is made for a more particular description thereof. Said public auction will occur on the Mortgaged Premises.

A copy of the Mortgage may be examined by any interested person and any inquiries regarding the foreclosure sale may be made of the undersigned at Korde & Associates, P.C., 321 Billerica Road, Suite 210, Chelmsford, MA during regular business hours.

For mortgagor's title, see deed recorded with the Carroll County Registry of Deeds in Book 2298, Page 440.

NOTICE TO THE MORTGAGOR AND ALL INTERESTED PARTIES: YOU ARE HEREBY NOTIFIED THAT YOU HAVE A RIGHT TO PETITION THE SUPERIOR COURT FOR THE COUNTY IN WHICH THE MORTGAGED PREMISES ARE SITUATED, WITH SERVICE UPON THE MORTGAGEE, AND UPON SUCH BOND AS THE COURT MAY REQUIRE, TO ENJOIN THE SCHEDULED FORECLOSURE SALE.

LIENS AND ENCUMBRANCES: The Mortgaged Premises shall be sold subject to any and all easements, unpaid taxes, liens, encumbrances and rights, title and interests of third persons of any and every nature whatsoever which are or may be entitled to precedence over the Mortgage.

NO WARRANTIES: The Mortgaged Premises shall be sold by the Mortgagee and accepted by the successful bidder "AS IS" AND "WHERE IS" and with all faults. Except for warranties arising by operation of law, if any, the conveyance of the Mortgaged Premises will be made by the Mortgagee and accepted by the successful bidder without any express or implied warranties whatsoever, including, without limitation, any representations or warranties with respect to title, possession, permits, approvals, recitation of acreage, hazardous materials and physical condition. All risk of loss or damage to the Mortgaged Premises shall be assumed and borne by the successful bidder immediately after the close of bidding.



**TERMS OF SALE:**  To qualify to bid, bidders must register to bid and present to the Mortgagee or its agent the sum of Five Thousand Dollars and 00/100 ($5,000.00) in cash or by certified check or other form of payment acceptable to the Mortgagee or its agent prior to the commencement of the public auction.  The balance of the purchase price must be paid in full by the successful bidder in cash or by certified check within thirty (30) days from the date of the public auction, or on delivery of the foreclosure deed, at the option of the Mortgagee.  The deposits placed by unsuccessful bidders shall be returned to those bidders at the conclusion of the public auction.  The successful bidder shall execute a Memorandum of Foreclosure Sale immediately after the close of bidding.  If the successful bidder fails to complete the purchase of the Mortgaged Premises, the Mortgagee may, at its option, retain the deposit as liquidated damages.

**RESERVATION OF RIGHTS:**  The Mortgagee reserves the right to (i) cancel or continue the foreclosure sale to such subsequent date or dates as the Mortgagee may deem necessary or desirable, (ii) bid upon and purchase the Mortgaged Premises at the foreclosure sale, (iii) reject any and all bids for the Mortgaged Premises and (iv) amend or change the terms of sale set forth herein by announcement, written or oral, made before or during the foreclosure sale. Such change(s) or amendment(s) shall be binding on all bidders.

Other terms to be announced at sale.

U.S. Bank National Association, as Trustee, as successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Aquisition Corporation, Inc. (RAAC) 2007-RP3
Present holder of said mortgage, by its Attorneys

_____
Susan W. Cody
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01824-4100
(978) 256-1500

BFB 12-008679  Halsey (October 29, 2012), (November 5, 2012), (November 12, 2012)

