UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


James Halsey

   v.                                                                Civil No. 12-cv-511-PB

Litton Loan Servicing, L.P.;
Ocwen Loan Servicing, LLC; and
U.S. Bank National Association, as
Trustee, as successor in interest
to Bank of America, National
Association, as Trustee, successor
by merger to LaSalle Bank National
Association, as Trustee for
Residential Asset Acquisition
Corporation, Inc. (RAAC) 2007-RP3


**REPORT AND RECOMMENDATION**

    In a case that has been removed from the Carroll County Superior Court, and that arises out of an attempted mortgage foreclosure, James Halsey ("Halsey") seeks injunctive, declaratory, and other relief.  Before me for a report and recommendation are: (1) Halsey's motion to amend his complaint, to which defendants object; and (2) Halsey's motion to strike defendants' objection to his motion to amend, to which defendants also object.  For the reasons that follow, I recommend that the court: (1) deny Halsey's motion to strike; and (2) partially grant and partially deny Halsey's motion to amend, to the extent described below.

**Motion to Strike**

Turning first to the motion to strike, Halsey is correct in stating that defendants missed, by one day, the fourteen-day deadline for objecting to his motion to amend.  See LR 7.1(b).  Defendants appear to concede as much, and ask the court to consider their objection, "in the interest of equity," Defs.' Reply (doc. no. 21) 2.  Because I agree with defendants that their one-day delay does not prejudice Halsey in any way, and because "[t]he court may excuse a failure to comply with any local rule whenever justice so requires," LR 1.3(b), I recommend that Halsey's motion to strike be denied.

**Motion to Amend**

The same basic legal standard that applies to Halsey's motion to strike also applies to his motion to amend.  Under the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Given that standard, the fact that Halsey filed his motion to amend in accordance with the deadline to which the parties agreed in their discovery plan, and the fact that the litigation of this case is still in its very early stages, I am not persuaded by defendants' arguments about undue delay or prejudice.  The only argument that gives me pause is defendants' contention that Halsey should not be allowed to amend his

complaint to include the claims asserted in Counts Seven and Eight of his proposed amended complaint because doing so would be futile. Accordingly, I turn to defendants' futility argument, beginning with the legal standard and then individually addressing Counts Seven and Eight.

### A. The Legal Standard

"It is common ground that leave to amend should be 'freely give[n]' in circumstances in which 'justice so requires.'" Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 19 (1st Cir. 2013) (quoting Fed. R. Civ. P. 15(a)(2)). Leave to amend may be denied, however, "when the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" Id. at 19 (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). In this context, "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citing 3 Moore's Federal Practice ¶ 15.08[4], at 15-80 (2d ed. 1993); Vargas v. McNamara, 608 F.2d 15, 17 (1st Cir. 1979)). Thus, when "reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman, 90 F.3d at 623 (citation omitted). "[I]f the proposed amendment would be futile because,

3

as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." Abraham v. Woods Hole Ocean. Inst., 553 F.3d 114, 117 (1st Cir. 2009) (quoting Bos. & Me. Corp. v. Hampton, 987 F.2d 855, 868 (1st Cir. 1993); citing Glassman, 90 F.3d at 623).

Ruling on a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6) requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering such a motion, a trial court "accept[s] as true all well-pled facts in the complaint and draw[s] all reasonable inferences in favor of plaintiffs." Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011) (quoting SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010)).

But, "naked assertions devoid of further factual enhancement need not be accepted." Plumbers' Union, 632 F.3d at 771 (quoting Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009)). Equally insufficient are "'statements in the complaint . . . [that] merely offer legal conclusions couched as facts or [that] are threadbare or conclusory." McKenna v. Wells Fargo

Bank, N.A., 693 F.3d 207, 217 (1st Cir. 2012) (quoting Air Sunshine, Inc. v. Carl, 663 F.3d 27, 33 (1st Cir. 2011); citing Pruell v. Caritas Christi, 678 F.3d 10, 13 (1st Cir. 2012) (affirming dismissal under Rule 12(b)(6) where "language [in the complaint was] little more than a paraphrase of [a] statute"); Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011)).

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" González-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 247 (1st Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). On the other hand, "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Katz v. Pershing, LLC, 672 F.3d 64, 73 (1st Cir. 2012) (quoting Tambone, 597 F.3d at 442). Moreover, "[a] suit will be dismissed if the complaint does not set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st

Cir. 2008); citing <u>Centro Medico del Turabo, Inc. v. Feliciano de Melecio</u>, 406 F.3d 1, 6 (1st Cir. 2005)).

### B. Count Seven

In Count Seven of the proposed amended complaint, Halsey asserts a claim under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. "In order to prevail on an FDCPA claim, a plaintiff must prove that: 1) the plaintiff has been the object of collection activity arising from consumer debt, 2) the defendant is a debt collector as defined by the FDCPA, and 3) the defendant has engaged in an act or omission prohibited by the FDCPA." <u>Salazar v. MFP, Inc.</u>, 847 F. Supp. 2d 1329, 1331 (M.D. Fla. 2012) (quoting <u>Mammen v. Bronson & Migliaccio, LLP</u>, 715 F. Supp. 2d 1210, 1216 (M.D. Fla. 2009)). The statutory prohibition upon which Halsey bases his FDCPA claim provides as follows:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--
>
>> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney

6

>    consents to direct communication with the
>    consumer;

15 U.S.C. § 1692c(a).

Count Seven of Halsey's proposed amended complaint rests upon the following factual allegations:

> On November 13, 2012 Plaintiff's counsel informed Defendant Ocwen by letter that Plaintiff was represented by counsel.
>
> Defendant Ocwen directed communications to the Plaintiffs directly through the mails, after they had been informed that Plaintiffs were represented by counsel.
>
> These communications were made in furtherance of debt collection efforts.

Pl.'s First Am. Compl. (doc. no 18-1) ¶¶ 88-90.  Defendants argue that Halsey has not alleged sufficient facts to support the claim asserted in Count Seven.  They are correct.

To begin, Halsey has sufficiently alleged that: (1) Ocwen knew that he was represented by an attorney with respect to the debt Ocwen was trying to collect from him; and (2) Ocwen knew, or readily could have ascertained, the attorney's name and address, based upon Halsey's allegation that his attorney wrote a letter to Ocwen.  However, Halsey has not alleged sufficient facts concerning the first paragraph of 15 U.S.C. § 1692c(a), which prohibits communication from a debt collector only when the debt collector lacks "the prior consent of the consumer given directly to the debt collector."  Because Halsey has not

alleged that Ocwen did not have his prior consent to communicate with him, he has not "set forth factual allegations . . . respecting each material element necessary to sustain recovery," Hutcheson, 647 F.3d at 384 (internal quotation marks omitted), under 15 U.S.C. § 1692c(a)(2). In addition, Count Seven alleges neither the dates nor the contents of the communications upon which it is based, which is a pleading deficiency that was fatal to the FDCPA claim in Blaxill v. Arrow Financial Services, LLC, No. 5:10-CV-04520 JF (PSG), 2011 WL 1299350, at *4 (N.D. Cal. Apr. 4, 2011).

In sum, Halsey has failed to state a claim under the FDCPA. Accordingly, it would be futile for him to amend his complaint to add Count Seven, as drafted. See Glassman, 90 F.3d at 623. Thus, as to Count Seven, I recommend that Halsey's motion to amend be denied. See Abraham, 553 F.3d at 117.

### C. Count Eight

In Count Eight of the proposed amended complaint, Wendy Halsey ("Ms. Halsey") asserts claims under: (1) the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; and (2) chapter 359-B of the New Hampshire Revised Statutes Annotated ("RSA"). The gravamen of those claims is that Ocwen reported false information concerning Ms. Halsey "to the credit bureaus." Pl.'s First Am. Compl. ¶ 96. Defendants argue that Count Eight

could not survive a motion to dismiss because it: (1) does not allege sufficient facts to support a claim; and (2) does not adequately identify a legal theory of liability.  Defendants' second argument is persuasive, and determinative.

While Count Eight bears the caption: "Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. and RSA 359-B," the text of Count Eight says nothing about either statute.  That is, Count Eight does not indicate either: (1) the particular statutory provisions Ms. Halsey claims defendants violated by engaging in the conduct alleged in Count Eight; or (2) the elements of the causes of action upon which Ms. Halsey purports to base her claim.  In other words, Ms. Halsey has named two statutes but has not identified a legal theory underlying Count Eight.  Because Ms. Halsey has failed to identify either a cause of action or its requisite elements, there is no basis for determining that Count Eight makes factual allegations "respecting each material element necessary to sustain recovery," Hutcheson, 647 F.3d at 384.  In other words, like the plaintiff attempting to state a claim under the FDCPA in Langley v. Chase Home Finance, LLC, Ms. Halsey "cannot state a cause of action under the [FCRA] by simply inserting the phrase ["Fair Credit Reporting Act"] in his complaint," No. 1:10-cv-604, 2011 WL 1150772, at *5 (W.D. Mich. Mar. 11, 2011).

9

Because Count Eight, as drafted, would not survive a motion to dismiss under Rule 12(b)(6), it would be futile to amend the complaint to add the claim asserted in Count Eight.  See Glassman, 90 F.3d at 623.  For that reason, as to Count Eight, I recommend that Halsey's motion to amend be denied.  See Abraham, 553 F.3d at 117.

### Conclusion

For the reasons detailed above, I recommend that Judge Barbadoro: (1) deny Halsey's motion to strike, document no. 20; and deny Halsey's motion to amend his complaint, document no. 18, as to the proposed Counts Seven and Eight, but otherwise grant the motion to amend.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

June 19, 2013

cc: Jessica Suzanne Babine, Esq.
    Joshua D. Shakun, Esq.
    John F. Skinner, III, Esq.